Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment rendered against the appellant, in action of ejectment brought by him in the court below, to recover the possession of a tract of land held by the appellee, and the right to which he claims through a patent which issued to Duncan Rose, dec.
On the trial in that court, after the appellant had introduced the patent to said Rose for the land in contest, and an authenticated copy of his will from the records of the court of the county of Dinwiddie, in the state of Virginia, where it appears to have been proven and admitted to record in 1785, together with the orders of the Shelby county court, admitting the same to record, and appointing James Bristow administrator with the said will annexed; and having also produced a deed of conveyance from the said administrator to him for lire land contained in the patent of Rose; that court, on the motion of the appellee, inasmuch as it moreover appeared from the records and papers produced, that the executors of the said Rose had taken upon themselves, in the state of Virginia, the execution of the will, instructed the jury, that, although the executors Were all proven to be dead, the county court of Shelby possessed •no power to grant the administration to Bristow, and that *89 (lie appellant consequently gained no title uníler his con-fey anee: Whether, therefore, those instructions can be sustained, is the first question for our consideration.
On the death ofanexr! the county court where ^ j^”ttogrant adfn’n. with J111
powe,.g 0f such ad-minist’r 8 re 1^Tven by the will to U¡e exeo’or.
_ The sts-terstate.does not authorise ¡¡⅛⅛ here, fíe should take proper court in this
An ex’ or not «L,*to a refusal.
If the court possessed the power to grant the administration, there can be no doubt but that the deed of tne administrator passed the title to the appellant: for, as by kose’s will his executors were empowered to sell his lands, a conveyance by them would boost clearly have the title, and if so, as by the act ef 1810, (Session Acts, S5,) the administrator, with the will annexed, is empowered to exercise all the powers and authorities which have been performed by the executors, it is equally clear, the administrator’s alienee must also have acquired the ti|]e.
That the county court of Shelby was invested with sufficient authority to grant the administration, is not only in-ferable from the general jurisdiction given such courts in testamentary matters, but is plainly deducible from the 14 section of the act of February, IT97, concerning wills, &c. (1 Littell, 6, 14.)
That section, after providing for the obtaining of probate by the executors named in any will made without the limits of this country, but which relates to any estate within the same, expressly authorises the court where the authenticated copy of such will may be admitted to record, to grant a certificate for obtaining letters of administration,' either where there may be no executors named in the will, or where the executors named shall all refuse the executor-ship. ,
From this section it is obvious, that before the executors named in any will, made and admitted to record in another country, can proceed to administer the estate in this country, they must obtain, from the proper court here, letters testamentary; and if so, it necessarily follows, that by no act of theirs, in taking upon themselves the administration of the will in the foreign country, can the courts of this state be precluded from granting administration with Will, annexed; and, Consequently, as the land in contest lies in Shelby county, if the executors named in the will refused to take upon themselves the executorship there, court did right in granting the administration to Bristow.
The refusal necessary to authorise the granting of administration, , we do not, however, suppose, requires a personal Enunciation in court, of the right to administer, but as by *90 the death of the executors, it is impossible they can pet* form the execution of the will, upon proof of that fact, as it is equivalent to a refusal, the Shelby court acted correctly in granting the administration to Bristow.
Hardin for appellant, Hughes and Bibb for appellee.
The lesssr ci‘ the pl’ntf. selling' the land Us pen-dens does not. bar the pl’tf. —Lessee of i'lii'guson vs. Smatiman, Addison’s R. 13; Kinney vs Beverly, 1st Hen. & Mum. 531; Parvis vs. Hill, ibid. 614; — but the i uitabates by the death of the def nd’t. 1. Hay. 500.
From the assignment of error, it is proper we should also notice the decision of the court below, in instructing the jury, that the action then depending was barred, by reason of a deed of conveyance, executed since the commencement of the suit, by the appellant for the land in contest, to a certain James Bristow.
The inaccuracy of that decision, we however suppose, will be clearly illustrated by an application of the principles by which this court has been heretofore governed in analogous cases. In the case Robertson against Morgan, (2 Bibb, 149,) it was held that the death of the lessor of the plaintiff in ejectment did not abate the suit; and in the case of Helms against Lindsey, (ibid 535,) the marriage of Lindsay, who was a feme sole when the suit was brought, was held not to abate the action. These eases, although not directly in point with the one now under consideration, yet as they go upon the principle of the demise laid in the declaration, although a fiction, being as respects the cause depending, attended with all the legal consequences of a real lease, they are conclusive to shew, that the action cannot be defeated by any conveyance subsequently made by the lessor.
The judgment of the court below must, therefore, be reversed with costs, the cause remanded, and further proceedings had not inconsistent with this opinion.
On the rendition of this decree, the counsel for the ap-pellee presented the following petition for a rehearing:
To the honorable the judges of the court of appeals, respectfully sheweth Ambrose Jeffries: — That he is induced to ask a reconsideration of the opinion given by the court, on the appeal Josiah Jackson against him, from Ihe following consideration. The court in their opinion, rely on the act of 1810, entitled “an act concerning adminis-istrators with the will annexed,” as having not only vested in the county court of Shelby authority to grant letters of administration with the will annexed, in a case like the present, but as also giving power to the administrator so constituted to convey the land in dispute.
*91 It is humbly conceived the administrator in this case ¿id not possess power to convey, and that his deed conveyed no title for two reasons:
1st. Because it is conceived the executor in this case had no such power. And
2ndly. Because it is believed the act of 1810 does not apply to the case of the conveyance of the land devised to be sold.
In order to illustrate these positions, it will be necessary to refer to the act of 1810.
- By that act it is provided, “that wherever administration has heretofore or shall hereafter be granted, on the estate of a deceased person, with the last will and testament of the testator annexed, that the person or persons administering, shall possess and exercise all and every of the powers, interests, rights, and authorities, that by the will belong to the executors therein named.”
The executors of Duncan Rose had no power by his will to convey land. The will was made on the 1st day of January, 1785, and was proved and letters testamentary granted in December in the same year. Duncan Rose did not devise his real estate to his executors, but gave them a naked authority to sell, and under the existing law the title or freehold descended to the heir at law — see Powell on Devises, 292, 3, and 302, 3,4. Authority was first given to executors in such cases, to convey by the act entitled “an act concerning wills, the distribution of intestates1 estates, and the duty of executors and administrators,” which passed in the fall 1785, but did not commence and was not in force until the 1st of January, 1787 — see acts of Virginia, 1785, page 52. The 42d section of this act, provided, that “the sale and conveyance of lands, devised to be sold, shall be made by the executors, or such of them as shall undertake the execution of the will, if no other person be thereby appointed for that purpose, or if the person appointed shall refuse to perform the trust, or die before he shall have completed it.”
It is believed that this section gave no power to convey to executors, acting under a will made and proved before it was in force. But if it did, it Avas a poAver given by statute and not by the will; for from December, 1785, when the letters testamentary were granted, until the first of January, 1787, the executor possessed no such power.
The court in the opinion say, that the administrator is, *92 by the law of 1810, empowered to exercise all thepmy-ers and authorities which might have been performed by ihe executors. But it is humbly conceived, that if the act is again examined, it will be found to give to the administrator only such power as the executor derived from the will, and not by statute.
If the will gave the executor of Duncan Rose no power Jo convey, the act of 1810 gave no power to Bristow, the administrator, to convey to the lessor of the plaintiff.
It very frequently happened, that devises of lands to be sold, were so made as not to vest the title in the executor; this was the evil, to remedy which, the 42d section of the Virginia act, which is copied into the 44th section of our act, was enacted. And if it had been the intention of the legislature to extend the same power in certain cases to administrators with the will annexed, it was very easy to do so, either by amending that section or introducing another, expressly vesting the power in the administrator in certain cases. -
But when we find a law passed, giving the administrator with the will annexed, only the power which the will gave to the executor, without a transfer of the power given, by statute to convey lands devised to be sold; wé have a right to conclude the legislature did not mean to extend such power to the administrator with the will annexed.
But if such power was given by the act of 1810, the power was by operation of that act, vested in Haxal, the administrator with the will annexed, appointed in Virginia, The court of Shelby granted letters of administration with the will annexed, to James Bristow, because the said Haxal, who had been appointed administrator with the will annexed, in Virginia, was unwilling to qualify in this state. It is contended, that the said court had no right to appoint a second administrator with the will annexed; and that the administrator appointed in Virginia had the power to convey, if the law gave that power to any administrator, in a case like this; and it is further contended, that in order to enable Haxal to convey, it was not necessary that he should qualify in Kentucky. He might even commence and prosecute suit without doing so — see 4 Lilt. 338, 339.
Your petitioner prays your honors to reconsider his case, &c.
HUGHES & BIBB, for the petitioner.
The court, on consideration, overruled the said petition & ordered that the foregoing opinion remain unaltered & aifim’d.